UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

      Petitioner,

v.

JEFF TANNER,

      Respondent.
_____/

Case No. 2:24-cv-12657

Honorable Susan K. DeClercq
United States District Judge

**ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Darryl McGore ("Petitioner"), incarcerated at Macomb Correctional Facility in Lenox Township, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his state-court convictions for one count of first-degree criminal sexual conduct and two counts of armed robbery, which were imposed after a jury trial in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court). In 1977, Petitioner was sentenced to concurrent terms of life in prison and 100 to 200 years in prison on those convictions. Petitioner has filed prior habeas petitions in federal court challenging the same convictions. Consequently, this petition must be transferred to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., someone seeking to file a second

or successive habeas petition must first request that the court of appeals authorize the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).

Petitioner has previously filed several federal habeas petitions challenging the same convictions at issue in the instant petition. At least two of those petitions have been denied and dismissed with prejudice. *See McGore v. Stine*, No. 93-CV-74094, ECF No. 51 (E.D. Mich. Sept. 15, 1994) (denying claims based upon procedural default); *McGore v. Gearin*, No. 91-CV-00301 (W.D. Mich. Apr. 30, 1991) (denying frivolous challenge to convictions). Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).[1]

Accordingly, it is **ORDERED** that the the Clerk of the Court transfer the instant petition to the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without

---

[1]Petitioner recently filed another successive federal habeas petition in this District that was transferred to the Sixth Circuit. *See McGore v. Corrigan*, No. 2:24-CV-11509 (E.D. Mich. June 24, 2024) (Parker, J.). In January 2025, the Sixth Circuit denied Petitioner authorization to file a successive petition in that case. *See In re McGore*, No. 24-1544, slip op. at 1–2 (6th Cir. Jan. 14, 2025).

§ 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

                                                    */s/Susan K. DeClercq*
                                                    SUSAN K. DeCLERCQ
                                                    United States District Judge

Dated: February 19, 2025